UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ABDUL FLYNN

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND NEW YORK CITY
POLICE OFFICER'S WILLUS MURRAY, CRYSTAL COLLINS,
"JOHN DOE'S last names and first names being fictitious, true names
being unknown to Plaintiffs,

                        Defendants,

-------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

12 CIV 7226

Plaintiff ABDUL FLYNN, by his attorney, Law Office of David McGruder, PC complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT:

1. This is a civil rights action alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. §§1983 and 1988, and the Fourth and Fifth Amendments to the United States Constitution, and that on January 20, 2012, defendants falsely arrested him and made false allegations about him to the New York City County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper. Plaintiff also asserts supplemental state law claims. Plaintiff also asserts supplemental state law claims.

## JURISDICTION & VENUE:

2. This action is brought pursuant to 42 U.S.C. Section 1983 and Forth and Fifth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391 (b) and (c).

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES:

5. Plaintiff is a resident of the State of New York who lives in Manhattan.

6. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

7. Detective Willus Murray and Detective Crystal Collins (the "officers") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Detective Murray and Detective Collins are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS:

8. On January 20, 2012 at approximately 11:30 a.m., plaintiff was lawfully present at a store on the corner of 145th St. and St. Nicholas Avenue located in New York, New York, when the plain clothed, defendant officers, without identifying themselves, jumped out of an unmarked van towards plaintiff.

9. Thereafter the officers unlawfully seized plaintiff, and began to search him, then having found nothing on plaintiff's person, released him.

10. Plaintiff returned to his room at Hotel Caribe, located at 515 W. 145th St. New York, New York, where he was an overnight guest.

11. On January 20, 2012 at approximately 12:00 p.m., the officers knocked on plaintiff's hotel room door; plaintiff subsequently answered the door and complied with the officer's request to have him step out of the room.

12. The officers then brought plaintiff outside in front of the hotel where they searched him, retained $152.00 found on his person, and unlawfully arrested him placing excessively tight handcuffs on him.

13. The officers transported plaintiff to the 30th precinct where he was imprisoned, and then taken to Central Booking.

14. Plaintiff was then taken from Central Booking to Bellevue Hospital, upon his request and still in police custody, after feeling sick.

15. On or around January 22, 2012, plaintiff was given medication for his symptoms and released at approximately 3:00 a.m. while it was snowing outside and after being detained for an extended period of time without food. His money ($152.00) was not immediately returned to him and he was not given car fare.

16. Upon release from Bellevue Hospital, plaintiff was given neither a ticket nor a summons related to his arrest.

17. At no time while plaintiff was in police custody was he arraigned, or able to meet or speak with an attorney.

18. Plaintiff was held in custody for an excess of twenty-four hours without an arraignment, in violation of New York State Law. **New York Criminal Procedure Law § 140.20.** See also People ex rel. Maxian v. Brown, 164 A.D.2d 56, 561 N.Y.,S.2d 418, 424 (1st Dep't. 1990), aff'd, 77 N.Y. 2d 422, 426, 570 N.E.2d 223, 568 N.Y.S.2d 575 (N.Y.S.2d 575 (N.Y. 1991).

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1" through "17" with the same force and effect as if fully set forth therein.

20. All of the aforementioned actions of defendants, servants and employees were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiff ABDUL FLYNN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25. As a result of the foregoing, plaintiff ABDUL FLYNN, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. §1983)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

27. Defendants arrested plaintiff ABDUL FLYNN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

28. Defendants caused plaintiff ABDUL FLYNN to be falsely arrested and unlawfully imprisoned.

29.     As a result of the foregoing, plaintiff ABDUL FLYNN, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR THE FORUTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

30.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

31.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

32.     As a result of the foregoing, plaintiff ABDUL FLYNN was deprived of his liberty and right to substantive due process, causing emotional injury.

33.     As a result of the foregoing, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

35. Defendants had an affirmative duty to intervene on behalf of plaintiff ABDUL FLYNN, whose constitutional rights were being violated in their presence by other officers.

36. The defendants failed to intervene to prevent the unlawful conduct described herein.

37. As a result of the foregoing, plaintiff ABDUL FLYNN's liberty was restricted for an extended period of time, put in fear of his safety, and humiliated.

38. As a result of the foregoing, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR THE SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

41. As a result of the foregoing, plaintiffs ABDUL FLYNN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

44. The CITY OF NEW YORK has wholly neglected or refused to make and adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

45. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

46. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

47. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants arrested plaintiff ABDUL FLYNN without probable cause.

50. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

51. As a result of the aforementioned conduct, plaintiff ABDUL FLYNN was unlawfully imprisoned in violation of the State of New York.

52. As a result of the aforementioned conduct, plaintiff ABDUL FLYNN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

53. As a result of the foregoing, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR THE EIGTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. As a result of defendants' conduct, plaintiff ABDUL FLYNN, was deprived of his right to security against unreasonable searches, seizures, and interceptions.

56. As a result of the foregoing, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR THE NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through " 56" with the same force and effects as if fully set forth herein.

58. Plaintiff's injuries were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

59. As a result of the foregoing, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A TENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" though "59" with the same force and effect as if fully set forth herein.

61. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

62. As a result of the foregoing, plaintiff ABDUL FLYNN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiff ABDUL FLYNN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September    , 2012

                        Law Office of David McGruder, PC
                        1825 Park Ave., Suite 1102
                        New York, NY 10035
                        Ph (212) 747-9311
                        Fax (212) 722-4966
                        dm@davidmcgruderlaw.com

By: _____
                        David McGruder , Esq.

Attorney for Plaintiff ABDUL FLYNN